UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>FILEMON PADILLA-MARTINEZ,<br><br>Movant. | No.  2:19-cr-0159 DAD CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Movant, a federal prisoner proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ECF No. 169.  Movant asserts his guilty plea and sentence violate the Sixth Amendment right to effective assistance of counsel.  Respondent has filed an opposition to the motion.  For the reasons which follow, the court recommends that the motion be denied.

I. Background

On January 14, 2020, movant pled guilty to conspiracy to manufacture at least 1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and § 846, and depredation of public lands and resources in violation of 18 U.S.C. § 1361.  On July 22, 2021, movant was ordered to serve concurrent ten-year sentences of imprisonment as to each crime.  Movant did not appeal.

/////

/////

II. <u>Legal Standards</u>

With respect to habeas corpus petitioners who plead guilty, claims which do not concern whether the plea was entered voluntarily and intelligently are rarely cognizable. See <u>Boykin v. Alabama</u>, 395 U.S. 238, 242 (1969).

The Sixth Amendment guarantees effective assistance of counsel. To prevail on an ineffective assistance claim brought in a habeas action by a petitioner who pled guilty, a petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52, 56-59 (1985).

III. <u>Claims and Analysis</u>

Movant asserts dissatisfaction with many of the actions and inactions of trial counsel. In most respects, movant fails to point to anything suggesting that had counsel done as movant preferred, movant would not have pled guilty. Movant also at least suggests that counsel's failure to provide movant with information, such as the possible range of sentence, or providing him with misinformation rendered his plea involuntary and unintelligent. Again, the allegations are conclusory and, for the most part, belied by movant's attestation to his plea agreement and his testimony at the change of plea proceedings. While the court will not address most of these allegations as they are hollow, unsupported and do not provide a basis for relief, the court addresses those where movant asserts at least something more than a conclusion.

1. Movant alleges that he was told before sentencing that he would receive a sentence of 70 months. However, in his plea agreement, movant was informed that the charge to which movant pled guilty carries a mandatory minimum ten-year prison sentence. ECF No. 37 at 6. Movant was also informed that the government would move for a sentence reduction under the United States Sentencing Guidelines "if [movant] clearly demonstrates acceptance of responsibility for his conduct." The government did not move for a reduction as the government was of the belief that movant did not accept responsibility; the trial court concurred with that assessment. ECF No. 176 at 10-12.

/////

The end of the plea agreement signed by movant reads as follows:

> Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

ECF No. 37 at 9. Also, movant agreed with the following in the plea agreement:

> I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Id. at 9-10.

At change of plea proceedings, and after the terms of the plea agreement were stated on the record, the court asked movant if any other promises had been made other than those stated; movant respond "no." ECF No. 141 at 5.

In light of the foregoing, movant's suggestion that he was promised by his counsel that his prison sentence would only be 70 months, and that he believed that to be a reliable promise, defies anything remotely credible or reasonable. Movant was aware the mandatory minimum was the ten-year sentence he received and that any reduction from there would be based upon acceptance of responsibility. The reduction was not applied because of movant's lack of acceptance of responsibility, and movant fails to proffer any argument that he should have received the benefit.

2. Movant also alleges that counsel did not provide him with an interpreter (it appears movant speaks Spanish and is not fluent in English) to assist in movant's review of documentary evidence. However, movant fails to point to anything suggesting that this prejudiced movant in anyway because movant fails to identify any evidence that he was unable to understand. The record reflects that an interpreter was present at plea negotiations, ECF No. 153-1 at 7, an interpreter read the entire plea agreement to movant before he signed it, ECF No. 37, the presentence report was discussed with movant through an interpreter, ECF No. 176 at 13-14, an

interpreter was present at change of plea proceedings, ECF No. 34, and assisted at sentencing, ECF No 155.  Furthermore, movant was appointed Clemente Jimenez as counsel after movant pled guilty and prior to sentencing.  ECF No. 193-1 at 1.  Mr. Jimenez indicates in a declaration submitted by respondent that Spanish is his first language and that he spoke with movant in Spanish when he spoke with him privately prior to sentencing.  ECF No. 193-1 at 2.

IV.  Conclusion

Because movant has not demonstrated that he is entitled to relief under 28 U.S.C. § 2255, the court will recommend that his § 2255 motion be denied, and this case be closed.  Movant asks that the court hold an evidentiary hearing.  In light of the foregoing, and because it does not appear that the presentation of further evidence would make any of movant's claims any more meritorious, however, the request for an evidentiary hearing will be denied.

Accordingly, IT IS HEREBY ORDERED that movant's request that the court hold an evidentiary hearing is denied.

IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 169) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections, movant may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////
/////
/////

specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 1, 2023

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
padi0159.257