UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>FILEMON PADILLA-MARTINEZ,<br><br>Defendant-Movant. | No. 2:19-cr-00159-DAD-CKD (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>(Doc. Nos. 169, 233) |

On January 14, 2020, defendant Filemon Padilla-Martinez entered a plea of guilty to conspiracy to manufacture at least 1,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and § 846, and depredation of public lands and resources in violation of 18 U.S.C. § 1361. (Doc. Nos. 34, 37.) On July 22, 2021, defendant Padilla-Martinez's motion to withdraw his guilty pleas was denied and he was sentenced to ten-year terms of imprisonment as to each of the counts to which he had entered pleas of guilty, with those prison terms to be served concurrently. (Doc. Nos. 155, 156.) Defendant did not appeal from his judgment of conviction and sentence.

On January 18, 2022, on his own behalf, defendant Padilla-Martinez filed the pending motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 169.) In that motion, defendant asserts that he received ineffective assistance from two different attorneys,

1

one appointed and one retained, representing him in these proceedings and that if those attorneys had provided him effective representation he would have proceeded to trial or negotiated a more favorable plea agreement. (Id. at 4–8.) On August 12, 2022, the government filed its opposition to the pending motion. (Doc. No. 193.) On September 6, 2022, defendant filed his reply.

On December 1, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant's § 2255 motion be denied. (Doc. No. 233.) The magistrate judge concluded that the defendant's various assertions of ineffective assistance by his counsel were vague and conclusory, belied by defendant's own statements at his change of plea hearing, and insufficient to entitle him to an evidentiary hearing under the circumstances, let alone to relief. (*Id*. at 2–4.) Those findings and recommendations were served upon movant at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.*) To date, movant has not filed any objections and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

A motion to vacate, set aside, or correct the sentence of a federal prisoner entitles the prisoner to relief "[i]f the court finds that ... there has been such a denial or infringement of the constitutional rights of the prisoner ...." 28 U.S.C. § 2255(b). Ineffective assistance of counsel claims may be heard on collateral review, even if a defendant could have, but failed to, bring those claims on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–05, 509 (2003); *see also United States v. De la Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993). In *Strickland v. Washington*, the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice." 466 U.S. 668, 694 (1984).

First, "deficient performance" means representation that "fell below an objective standard of reasonableness." *Stanley v. Cullen*, 633 F.3d 852, 862 (9th Cir. 2011) (citing *Strickland*, 466 U.S. at 688). The defendant bringing such a claim must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the

1    circumstances.  *See Strickland*, 466 U.S. at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344,
2    1348 (9th Cir. 1995).  There is a strong presumption that counsel's performance fell within the
3    wide range of professional assistance.  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)
4    (quoting *Strickland*, 466 U.S. at 689); *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997).
5    Judicial scrutiny of counsel's performance is thus highly deferential.  *Strickland*, 466 U.S. at 677–
6    78; *Quintero-Barraza*, 78 F.3d at 1348.

7         Second, to demonstrate prejudice, the defendant must show that "there is a reasonable
8    probability that, but for counsel's unprofessional errors, the result of the proceeding would have
9    been different."  *Strickland*, 466 U.S. at 694.  "It is not enough 'to show that the errors had some
10   conceivable effect on the outcome of the proceeding.'"  *Harrington v. Richter*, 562 U.S. 86, 104
11   (2011) (quoting *Strickland*, 466 U.S. at 693).  A "reasonable probability" is "a probability
12   sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694; *United States v.*
13   *Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003).  In addition, the court can find prejudice only when
14   the outcome would have been different without counsel's errors.  *See Lockhart v. Fretwell*, 506
15   U.S. 364, 369–70 (1993).

16        Finally, the *Strickland* standard applies in the plea bargain context such as that involved
17   here.  As the Ninth Circuit stated in a case quite similar to this one in which the defendant moved
18   to vacate his conviction pursuant to § 2255 after his guilty plea:

19   > "[A] defendant who pleads guilty upon the advice of counsel may
20   > only attack the voluntary and intelligent character of the guilty plea
21   > by showing that the advice he received from counsel" constituted
22   > ineffective assistance—that is, that the advice constituted deficient
     > performance and prejudiced the defense. *Hill v. Lockhart*, 474 U.S.
     > 52, 56, 106 S. Ct. 366, 88 L.Ed.2d 203 (1985); *see also id.* at 58–59,
     > 106 S. Ct. 366.

23   > Even if Rodriguez's attorney did represent that the two sentences
24   > would run entirely concurrently, Rodriguez fails to demonstrate that
     > he was prejudiced by this advice. *Womack [v. Del Papa]*, 497 F.3d
25   > [998,] 1003 [(9th Cir. 2007)] (citing *Doganiere v. United States*, 914
     > F.2d 165, 168 (9th Cir. 1990) (holding prejudice not established
26   > when the plea agreement and plea colloquy "alerted [the defendant]
     > to the potential consequences of his guilty plea")). The district judge
27   > advised Rodriguez during the Rule 11 plea colloquy that he was not

28   /////

3

>   guaranteed a concurrent sentence and that it was "up in the air how any federal sentence might run" with the state sentence. Accordingly, he fails to demonstrate the requisite prejudice.

*Rodriguez v. United States*, 789 Fed. Appx. 56, 57 (9th Cir. 2019).[1]

As in *Rodriguez*, defendant Padilla–Martinez has failed to make any showing of prejudice in light of the plea colloquy conducted in his case. Accordingly, he is not entitled to the requested relief.[2]

Having concluded that the pending motion must be denied, the court also declines to issue a certificate of appealability. In this regard, a defendant cannot appeal from the denial or dismissal of her § 2255 motion unless he has first obtained a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a defendant "must make a substantial showing of the denial of a constitutional right, ... includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation omitted). Defendant Padilla-Martinez has not made the required showing in this regard. Therefore, this court will decline to issue a certificate of appealability.

For the reasons explained above:

1. The findings and recommendations filed on December 1, 2023 (Doc. No. 233) are adopted in full;
2. Defendant's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. No. 169) is denied;

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[2] The government also argues that in his plea agreement, defendant waived his right to collaterally attack his plea and sentence and that the waiver bars the assertion of his ineffective assistance of counsel claim in the pending motion. (Doc. No. 193 at 13–14.) In light of the conclusion reached above, the court need not address this contention.

3. The court declines to issue a certificate of appealability under 22 U.S.C. § 2253(c); and

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **January 23, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE