PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00159-DAD |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |
| v. | |
| FILEMON PADILLA-MARTINEZ, | |
| Defendant. | |

The United States, by and through Assistant United States Attorney Shelley D. Weger, respectfully submits this opposition to the motion for a reduction in sentence filed by defendant Filemon Padilla-Martinez ("Defendant") pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821.  Docket No. 146.  Specifically, Defendant asks the Court to reduce his sentence due to the Guidelines' amended "status points" provision in USSG § 4E1.1(a).  As discussed in more detail below, Defendant is not eligible for a sentence reduction because he was sentenced to the statutory mandatory minimum sentence and his sentence cannot be further reduced.  Accordingly, Defendant's motion should be denied.

///

///

///

///

# I. BACKGROUND

On January 14, 2020, pursuant to a written plea agreement, Defendant pleaded guilty to Conspiracy to Manufacture at Least 1,000 Marijuana Plants, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count 1) and Depredation of Public Lands and Resources, in violation of 18 U.S.C. § 1361 (Count 3). Presentence Investigation Report ("PSR") ¶¶ 1, 2 (Docket No. 107); Docket Nos. 37, 38.

After Defendant's guilty plea, the probation officer prepared a Presentence Investigation Report. In the Guidelines scoring section of the PSR, the probation officer found a total offense level of 27. PSR ¶ 54. In the criminal history section of the PSR, Defendant was assessed 2 criminal history points based on prior criminal convictions, including illegal entry, in violation of 8 U.S.C. § 1325(a)(1). PSR ¶¶ 60-61. Defendant was assigned two status points under the prior version of § 4A1.1(d), resulting in a total criminal history score of 4 and a criminal history category of III. PSR ¶¶ 62–65. A total offense level of 27 and a criminal history category of III, resulted in an advisory Guidelines range of 87 to 108 months. PSR ¶ 86. However, because the 10-year statutorily required minimum sentence for Count 1 was greater than the maximum of the applicable Guidelines range, the effective range per USSG § 5G1.1(b) was the statutory minimum, 120 months.

On July 22, 2021, the Court held a sentencing hearing. Docket Nos. 155, 156. The Court adopted the PSR without change. Statement of Reasons ("SOR") at 1. The Court sentenced Defendant to 120 months in prison on each of Counts 1 and 3 to be served concurrently for a total term of 120 months. Docket No. 156 at 2.

# II. ARGUMENT

### A. Legal Standard

A federal court generally may not modify a term of imprisonment once it has been imposed. *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)). Here, Defendant argues for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)," a court may reduce the term of imprisonment on a defendant's motion "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

District courts must engage in a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *Dillon*, 560 U.S. at 827; *United States v. Brito*, 868 F.3d 875, 879–80 (9th Cir. 2017). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in USSG § 1B1.10. *Brito*, 868 F.3d at 880. This is known as the eligibility prong. Under the eligibility prong, the court must determine the amended guideline range that would have been applicable to the defendant if the relevant amendment(s) to the guidelines listed in subsection (d) had been in effect at the time of the initial sentencing, while leaving all other guideline application decisions unaffected. *Id.*; *see Dillon*, 560 U.S. at 827. If the court finds a defendant is eligible for a sentence reduction under the eligibility prong, it must then weigh the applicable § 3553(a) factors and evaluate whether, in its discretion, any reduction authorized at step one is warranted in whole or in part under the specific circumstances of the case. *Brito*, 868 F.3d at 880. This second step is known as the discretionary prong.

Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) confines the extent of the reduction authorized: it provides, "[e]xcept as provided in subdivision (B) [Exception for Substantial Assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A); *see Dillon*, 560 U.S. at 827.

The Sentencing Commission ordered two provisions of Amendment 821 to the Sentencing Guidelines effective November 1, 2023, to apply retroactively: "parts A and B, subpart 1." USSG § 1B1.10(d). In Part A of Amendment 821, the Commission amended the "status point" provision regarding criminal history, which now appears in USSG § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

USSG § 4A1.1(e) (Nov. 1, 2023). Thus, a person who otherwise presents 7 or more criminal history

points now receives 1 "status" criminal history point, instead of 2, for an offense committed while under a criminal justice sentence, while a person who otherwise presents 6 or fewer criminal history points receives no status points. *Compare* USSG § 4A1.1(d) (prior to Nov. 1, 2023), *with* USSG § 4A1.1(e) (Nov. 1, 2023). Part B, Subpart 1 to Amendment 821 adds what now appears in USSG § 4C1.1(a), known as the "zero-point offender" provision, providing a two-offense-level reduction for certain offenders who meet ten enumerated criteria. The first and most fundamental criteria is that the defendant did not receive any criminal history points from prior criminal convictions. *See* USSG § 4C1.1(a)(1).

### B. Defendant is Ineligible for a Reduction Because His Sentence was Based on the Mandatory Minimum

Application of Amendment 821's amended status point provision does not reduce Defendant's advisory guideline range because his guideline range was set by the mandatory minimum. Defendant's calculated guideline range was 87 to 108 months but became 120 months by operation of USSG 5G1.1(b). PSR ¶ 86. Although the amended status point provision reduces the calculated guideline range, it does not alter the statutory minimum or the operation of USSG § 5G1.1(b) that makes the statutory minimum the guideline sentence. Thus, application of the amended status point has no effect on Defendant's guideline range. His guideline range remains exactly the same, 120 months.

The Sentencing Commission affirmed that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement [when, as here,] . . . an . . . amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of . . . another statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")."). USSG § 1B1.10 app. note 1(A). Courts, including the Ninth Circuit, unanimously agree that when a defendant's sentence is controlled by a statutory mandatory minimum, he is not eligible for a sentence reduction under § 3582(c)(2). *See United States v. Paulk*, 569 F.3d 1094, 1095-96 (9th Cir. 2009) (per curiam) (citing cases from other circuit courts of appeal and finding defendant was not entitled to reduction because he was sentenced pursuant to the statutory mandatory minimum); *see also United States v. Doe*, 564 F.3d 305, 311-12 (3d Cir. 2009); *United States v. Carter*, 595 F.3d 575, 581 (5th Cir. 2010) (per curiam); *United States v. McPherson*, 629 F.3d 609, 611-12 (6th

USA Opp. to Def.'s Motion For Sentence
Reduction Pursuant to 18 U.S.C. § 3582(c)(2)

4

Cir. 2011); *United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (per curiam); *United States v. McFadden*, 523 F.3d 839 (8th Cir. 2008) (per curiam).

Because application of Amendment 821 does not lower Defendant's guideline range, he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). His motion should be denied.[1]

### III.   CONCLUSION

For the reasons set forth above, the United States respectfully requests that the Court deny Defendant's motion for a sentence reduction.

Dated:  August 2, 2024

PHILLIP A. TALBERT
United States Attorney

By:  /s/ SHELLEY D. WEGER
SHELLEY D. WEGER
Assistant United States Attorney

---

[1] Because a sentence reduction is not authorized for this defendant, this Court does not need to consider the § 3553(a) factors. *See Dillon*, 560 U.S. at 826–27.

PHILLIP A. TALBERT
United States Attorney
SHELLEY D. WEGER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>FILEMON PADILLA-MARTINEZ,<br><br>    Defendant. | CASE NO. 2:19-CR-00159-DAD<br><br>CERTIFICATE OF SERVICE |

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.  She also certifies that on 8/2/2024, a copy of the UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) was served by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California. Addressee(s) Filemon Padilla-Martinez #11223-379 FCI-Yazoo City Low P.O. Box 5000 Yazoo City, MS 39194.

/s/ *C. Buxbaum*
C. BUXBAUM