UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FILEMON PADILLA-MARTINEZ,<br><br>Defendant. | No.  2:19-cr-00159-DAD<br><br>ORDER DENYING DEFENDANT PADILLA-MARTINEZ'S MOTION FOR A REDUCTION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)<br><br>(Doc. No. 246) |

On June 5, 2024, defendant Filemon Padilla-Martinez filed a hand–written *pro se* motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines (U.S.S.G.)  (Doc. No. 246.)[1] On August 2, 2024, the government filed an opposition to that motion.  (Doc. No. 248.)  Defendant Padilla-Martinez did not file a reply.

Because defendant Padilla-Martinez is not eligible for the relief he seeks pursuant to § 3582(c)(2), the court will deny the pending motion to reduce his sentence.

/////

/////

---

[1] On June 7, 2024, the motion was referred to the Office of the Federal Defender ("FDO") for possible assumption of representation.  (Doc. No. 72.)  The FDO did not file a notice indicating its intent to assume representation within the time provided by the order and thus the time for the filing of an opposition by the government commenced running.  (*Id.*)

1

## BACKGROUND

On January 14, 2020, defendant entered pleas of guilty to manufacturing 1,000 or more marijuana plants in violation of 21 U.S.C. §846 and 841(a)(1) and to depredation of public lands in violation of 18 U.S.C. § 1361 as charged in Counts 1 and 3 of the indictment in this action. (Doc. Nos. 34, 37, 107 at 1.)

The presentence report ("PSR") prepared in defendant's case calculated his total offense level as 27 and his criminal history category as III (based on a finding of 2 criminal history points plus 2 status points for a total score of 4), resulting in an advisory sentencing guidelines range that would have called for a term of imprisonment of between 87 and 108 months but for the mandatory minimum sentence of 120 months on Count 1, which became the guideline range under U.S.S.G § 5G1.1(b). (Doc. No. 107 at 10–15, 18, 22.) At the sentencing hearing on July 22, 2021, the court adopted the findings reflected in the PSR as true and correct and sentenced defendant Padilla-Martinez to 120 months on each of Counts 1 and 3, to be served concurrently to each other, with a 60-month term of supervised release to follow (to become unsupervised if deported). (Doc. No. 155, 156.) The court entered judgment on July 26, 2021. (Doc. No. 156.)

Defendant Padilla-Martinez suggests that he is eligible for a sentence reduction based on both Part A and Part B of Amendment 821 and U.S.S.G §§ 4A1.1(e) and 4C1.1(a). (Doc. No. 246 at 2.) Part A of that amendment reduced the number of criminal history points for defendants who had received "status points" under U.S.S.G. § 4A1.1 because they had committed their offense while under a criminal justice sentence and allowed for a reduction of their sentence if otherwise eligible for that relief. Part B was a new provision that reduced the advisory sentencing guideline range for those who had no criminal history points—so-called zero-point offenders—by two points and allowed for a reduction of their sentence if otherwise eligible for that relief.

## ANALYSIS

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)); *see also* 18 U.S.C. § 3582(c); *United States v. Tadio*, 663 F.3d 1042, 1046 (9th Cir. 2011); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir.

1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders."). "But this general rule is subject to several exceptions." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One of those exceptions is found in 18 U.S.C. § 3582(c)(2), which provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

District courts are to engage in a "two-step inquiry" in determining whether a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017) (citing *Dillon*, 560 U.S. at 826). "First, a district court must determine whether a prisoner is eligible for a sentence reduction under the Commission's policy statement in § 1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). "Second, a district court must 'consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.'" *Id.* (quoting *Dillon*, 560 U.S. at 827). The Ninth Circuit has "called these steps the 'eligibility prong' and the 'discretionary prong.'" *Id.* (quoting *United States v. Dunn*, 728 F.3d 1151, 1157 (9th Cir. 2013)).

As noted, defendant Padilla-Martinez suggests that he is eligible for a reduction of his 120-month sentence based on both Parts A and B of Amendment 821. (Doc. No. 246 at 2.) As to Part A, the government agrees that under the new U.S.S.G. § 4A1.1, defendant would receive 1 additional status point instead of the 2 he received at the time of his sentencing, thus resulting in a criminal history category of II, as opposed to III. (Doc. No. 248 at 4.) However, as noted above, defendant's advisory sentencing guideline range was based upon the statutory minimum mandatory term of imprisonment and thus remains unchanged despite any lowering of his criminal history category. *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required

minimum sentence shall be the guideline sentence."); *see also United States v. Paulk*, 569 F.3d 1094, 1096 (9th Cir. 2009), *as amended* (Aug. 6, 2009) (holding that "a defendant whose sentence is controlled by a statutory mandatory minimum is not eligible for a sentence reduction under § 3583(c)(2)" and collecting cases).  Defendant Padilla-Martinez is therefore ineligible for the requested relief under 18 U.S.C. § 3582(c)(2).  *See United States v. Lopez-Rivera*, 17-cr-00237-BLF-2, 2024 WL 3559729, at *2 (N.D. Cal. July 26, 2024).

It is also clear that defendant is ineligible for relief under Part B of Amendment 821.  As noted above, defendant's PSR reflects that he was found to have 2 criminal history points based upon his prior convictions.  (Doc. No. 107 at 12–14.)  Accordingly, defendant is also ineligible for a reduction of his sentence under U.S.S.G. § 4C1.1.  *See United States v. Ceasar*, No. 19-402-03, 2024 WL 3729857, at *2 (E.D. Pa. Aug. 8, 2024) ("Even one criminal history point renders a defendant ineligible for a reduction in sentence under U.S.S.G. § 4C1.1.").

Because defendant Padilla-Martinez is ineligible for a modification of his sentence based on Amendment 821, the court need not proceed to the second step of the § 3582(c)(2) analysis to consider again the § 3553(a) sentencing factors.  *Dillon*, 560 U.S. at 826–27.  The pending motion for a sentence reduction will therefore be denied.

## CONCLUSION

For the reasons explained above, the court denies defendant Padilla-Martinez's motion for a reduction of his sentence pursuant to § 3582(c)(2).  (Doc. No. 246.)  The Clerk of the Court is directed to close this case once again.

IT IS SO ORDERED.

Dated:   **November 13, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE